# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MURRIL WILLIS,** *individually and on behalf of Amanda Willis*, **ET AL.** | : | **DOCKET NO. 08-127** |
| **VS.** | : | **JUDGE TRIMBLE** |
| **CENTRAL MUTUAL INSURANCE CO., ET AL.** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Defendants have filed a Motion to Compel [doc. 23] in which they seek to obtain production of a journal written by minor plaintiff Amanda Willis (Willis). The underlying action is a suit for damages arising from an automobile accident by which it is alleged that Willis suffered multiple physical and mental problems, including headaches, neck, lower back, hip, and brain injuries, as well as other adverse effects on her everyday life. At deposition, Willis averred that she began to write said journal approximately three months after the accident occurred. Doc. 23-3, at 5-7. Willis further attested that "most" of the journal is about the accident and contains descriptions of her daily experiences, such as how she felt on certain days following the accident. *Id.* at 6-7.

Defendants filed a Request for Production of Documents requesting from plaintiffs "[a]ny and all diaries or other written accounts of your daily affairs, especially pertaining to pain, which you or someone on your behalf kept, either before or after the accident." *Id.* at 2, ¶ 2. Plaintiffs failed to produce any such diaries or written accounts and objected to defendants' request as "[a]ny such writings were part of communications to their attorney and are

privileged." *Id.* at 4. In response to this objection, defendants filed the subject Motion to Compel [doc. 23]. Plaintiffs failed to oppose this motion.

Pursuant to Fed. R. Civ. P. 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." When a party refuses to produce documents otherwise discoverable by claiming that information contained in the documents is privileged or subject to protection as trial-preparation material, the party must: "(i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). Moreover, "[a] party asserting a privilege exemption from discovery bears the burden of demonstrating its applicability." *Santa Fe Intern. Corp.*, 272 F.3d 705, 710 (5th Cir. 2001).[1] Whenever plaintiffs resist discovery, they carry the burden "to clarify and explain their objections and to provide support for those objections." *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. Feb. 4, 2005).

Defendants cite *Merrill* as an analogous case involving the discovery of diaries and journals. In *Merrill*, the defendant sought, amongst other things, production of diaries and journals that described injuries suffered by plaintiffs. Plaintiffs objected to defendant's request "on the basis of privilege, relevance, and invasion of privacy and harassment." *Id.* at 471. Defendant then filed a Motion to Compel Discovery of, amongst other things, the dairies and journals. The court held that plaintiffs' subsequent Response to defendant's Motion to Compel failed to address the request for the production of diaries and journals, and did not "attempt to

---

[1] "Fifth Circuit cases clearly hold that the privilege claimant's burden extends to proof of preliminary facts showing that the matter is eligible for protection." *Santa Fe Intern. Corp.*, 272 F.3d at 710 n.7. *See also Brookshire Bros. Holding, Inc. v. Total Containment, Inc.*, 2006 WL 845731, *1 (W.D. La. Mar. 30, 2006) ("Under Louisiana law, the party seeking to assert [the] attorney-client privilege has the burden of proving that the privilege applies.").

2

establish the bases for their objections." *Id.* at 472. The court stated that "[o]ne court has noted that 'other courts, faced with this same issue, have routinely ordered the production of personal diaries in response to requests for production of documents.'" *Id.* (quoting *Gill v. Beaver*, 1999 WL 461821, *1 (E.D. La. July 2, 1999)). Thus, the court granted defendant's Motion to Compel Discovery of the diaries, holding that plaintiffs failed to meet their burden of proving that the diaries and journals sought were either irrelevant or privileged.

In *Gill*, the court stated that other courts were justified in ordering production of personal diaries in situations where "the plaintiff made allegations which were related to information contained in the plaintiff's diary." *Gill*, 1999 WL 461821, *1. This is consistent with the instant case, as minor plaintiff Willis admits that "most" of her journal is about the accident and its effects on her, and Willis seeks to recover damages from said accident. Doc. 23-3, at 7. Plaintiffs, as the parties resisting discovery, carry the burden "to clarify and explain their objections and to provide support for those objections." *Merrill*, 227 F.R.D. at 470. However, plaintiffs have failed to respond to defendants' Motion to Compel [doc. 23], and thus, have failed to even "attempt to establish the bases for their [privilege] objection[]." *Id.* at 472.

At deposition, minor plaintiff Willis did not claim she wrote her journal at the request of her attorneys or with intent of communicating its contents only to them. Doc. 23-3, at 5-7. No other information given by plaintiff would support her objection that these diaries are subject to the attorney-client privilege. Thus, plaintiff has failed "to clarify and explain [her] objections and to provide support for those objections" and thus has failed to carry her burden of establishing the existence of the attorney-client privilege. *Merrill*, 227 F.R.D. at 470. Accordingly, defendants' Motion to Compel [doc. 23] is GRANTED.

Thus done and signed in chambers in Lake Charles, Louisiana, this 14th day of July, 2009.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE